UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEREMIAH P. BALDWIN,

      **Plaintiff,**

  v.                                             Civil Action 2:25-cv-1260
                                                    Judge Algenon L. Marbley
                                                    Magistrate Judge Chelsey M. Vascura

SHERYL BROOKS SULLIVAN, *et al.*,

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, Jeremiah P. Baldwin, an Ohio resident proceeding without the assistance of counsel, sues several officials of the State of Ohio and Franklin County under 42 U.S.C. § 1983 for violations of his constitutional rights arising out of a scheduled tax-lien sale of his real property. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff alleges that various special assessments, fines, and delinquency charges have been improperly levied against his real property, resulting in Franklin County scheduling a tax-lien sale of the property. Plaintiff alleges that no mechanism exists for him to contest the charges prior to the sale of his property. Plaintiff seeks a declaratory judgment holding that Franklin

County's and the State of Ohio's practices violate his due process and equal protection rights. Plaintiff also seeks injunctive relief to prevent the sale of his property. (Compl., ECF No. 1-1.)

Plaintiff's Complaint fails to state a claim on which relief can be granted. Plaintiff's challenges to the state property tax system by way of claims for injunctive relief are barred by the Tax Injunction Act, 28 U.S.C. § 1341. This statute provides that federal district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Id.* To the extent that Plaintiff seeks a declaratory judgment instead of injunctive relief, those claims, too, are barred. *See Helmsley v. City of Detroit, Mich.*, 320 F.2d 476, 478 (6th Cir. 1963) ("[I]t is the duty of a district judge to withhold relief by way of declaratory judgment where it appears that the taxpayer has an adequate remedy under state law.") (citing *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 300 (1943)). And despite Plaintiff's complaints that he could not effectively challenge the amounts levied with the Franklin County Treasurer, he has not alleged, nor could he allege, that he lacks an adequate remedy at the state level. The United States Court of Appeals for the Sixth Circuit has expressly held that Ohio's courts provide an adequate remedy:

> It is quite apparent that, here, Ohio law provides a full, complete and adequate remedy to the appellant in the state courts. . . . The courts of Ohio are open to appellant to contest the alleged unlawful discrimination under Ohio taxing statutes; and in the event that the highest court of Ohio should decide against it, appellant has the right of appeal to the Supreme Court of the United States upon an allegation that the Fourteenth Amendment to the Federal Constitution has been violated.

*Union Properties, Inc. v. Monroe,* 232 F.2d 884, 885 (6th Cir. 1956). Accordingly, Plaintiff's allegations fail to state a claim on which relief can be granted and Plaintiff's Complaint must be dismissed in its entirety.

4

### III. DISPOSITION

Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. For the reasons above, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE