**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JEREMIAH P. BALDWIN,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:25-cv-1260** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **SHERYL BROOKS SULLIVAN,** | : | **Magistrate Judge Chelsey M. Vascura** |
| *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## <u>OPINION & ORDER</u>

This matter comes before this Court on Plaintiff Jeremiah P. Baldwin's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 3). (ECF No. 4). In her Report and Recommendation, the Magistrate Judge recommended that this Court dismiss Plaintiff's Complaint for failure to state a claim on which relief can be granted. (ECF No. 3 at 4). For the reasons that follow, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 3) and **OVERRULES** Plaintiff's Objections. (ECF No. 4). Plaintiff's Complaint (ECF No. 2) is **DISMISSED.**

### I.    BACKGROUND

Plaintiff, proceeding *in forma pauperis* and without the assistance of counsel, filed his Complaint on October 28, 2025. (ECF No. 2). Plaintiff is facing a tax lien sale on his property (ECF No. 2 at 1) and has been charged various special assessments and fines against his real property. *Id.* He seeks a declaratory judgment holding that Franklin County's and the State of Ohio's processes violate due process, and he requests injunctive relief to prevent the sale of his property. (ECF Nos. 2 at 12; 3 at 3–4).

1

## II.    STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" their complaint or any portion of it that: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

2

Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

### III.    LAW AND ANALYSIS

The Magistrate Judge issued her Report and Recommendation on December 11, 2025, determining that Plaintiff's Complaint failed to state a claim on which relief may be granted with respect to the named Defendants. (ECF No. 3 at 4–5). Plaintiff has objected to this recommendation. (ECF No. 4). His objections are discussed and analyzed in turn.

The Magistrate Judge recommended dismissing claims against the Defendants because Plaintiff's challenges to Ohio's state property tax system are barred by the Tax Injunction Act. *See* 28 U.S.C § 1341. Plaintiff objects to the Magistrate Judge's reasoning because he contends special assessments are not taxes and Ohio does not have a proceeding to challenge this process,

which he claims violates due process. (*Id.* at 5). Courts have broadly interpreted the Act, however, to govern assessments, and Ohio courts do have a process for challenging assessments. Therefore, Plaintiff's objections are rebuffed.

The Tax Injunction Act states that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Id.* And the Act applies to requests for injunctive and declaratory relief. *See Moore Rd., LLC v. Snodgrass*, 2024 WL 496051, at *1 (6th Cir. Feb. 8, 2024) (quoting *California v. Grace Brethren Church*, 457 U.S. 393, 408-09, 411 (1982)). States must satisfy a "minimal procedural criteria" to show a "plain, speedy and efficient remedy." *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 511-12 (1981). Taxpayers must have access to "a full hearing and judicial determination" that provides them the opportunity to raise any objections to the tax, whether it is state or federal, whether it is constitutional or statutory. *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 544 (6th Cir. 2004) (quoting *In re Gillis*, 836 F.2d 1001, 1010 (6th Cir. 1988)).

The Act covers special assessments, like the case here. The Sixth Circuit has interpreted the term "assessment" to be included in the regulation of the Act because an assessment is "closely tied to the collection of a tax'—that is, the official recording of liability that triggers levy and collection efforts." *See Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 382 (6th Cir. 2017). Thus, the Magistrate Judge's analysis is correct; the Act does bar Plaintiff's case.

Additionally, Plaintiff's Due Process rights have not been violated because the State of Ohio provides a plain, speedy, and efficient remedy for challenging the special assessment. Under Ohio law, property owners who object to the amount, apportionment, or assessment of a special assessment must file a written objection with the clerk of the legislative authority within

two weeks of the completion of the notice required under Ohio Revised Code § 727.13. O.R.C. § 727.15. If an objection is filed, the legislative authority must appoint an assessment equalization board, composed of three disinterested freeholders, to hear the objections. O.R.C. § 727.16. The board must notify the objecting property owners of the time and place of the hearing by certified mail at least five days before the hearing. *Id*. This process provides an opportunity for property owners to contest the assessment before it becomes final. Moreover, a party can challenge the legality of a special assessment, and courts of common pleas have jurisdiction to enjoin the illegal levy or collection of taxes and assessments. O.R.C. § 2723.01. Actions to recover assessments already collected, however, must be brought within one year of collection. O.R.C. § 2723.01. While failure to exhaust administrative remedies under § 727.15 precludes challenges based on statutory noncompliance, it does not bar property owners from contesting the assessment on constitutional grounds. *Id*. Additionally, as to Plaintiff's arguments regarding expedited foreclosure, a property owner has the right to object to the foreclosure within twenty-eight days before rights of equity and redemption terminate. Finally, the Ohio Revised Code provides an appeal process in the court of common pleas. O.R.C. §§ 323.65, 323.79. As such, Plaintiff has failed to demonstrate that the remedies he seeks are unavailable at the state level.

Accordingly, this Court finds the Plaintiff's Objections to the Report & Recommendation **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 4) are **OVERRULED**. This Court hereby **ADOPTS** the

5

Magistrate Judge's Report and Recommendation. (ECF No. 3). This case is hereby **DISMISSED.**

      **IT IS SO ORDERED.**

_____
              **ALGENON L. MARBLEY**
**DATED:  April 27, 2026**          **UNITED STATES DISTRICT JUDGE**